FILED
JAN 24 2022
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENNIS SHELDON BREWER,         ) | |
| ) | |
| Plaintiff,         ) | |
| ) | Civil Action No. 1:22-cv-00116 (UNA) |
| v.         ) | |
| ) | |
| CHRISTOPHER WRAY, *et al.*,         ) | |
| ) | |
| Defendants.         ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of Plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), which requires a court to dismiss a case "at any time" if it determines that the action is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint lacking "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff, a resident of New Jersey, Compl. at 1, alleges that various federal officials and agencies, members of the New York City Police Department, and 99 John Does,[1] *id.* at 2, 8–9, "have conducted ongoing operations against [him]" *id.* at 5, using "novel technologies," *id.* at 6,

---

[1] The Local Rules of this court state that a plaintiff "filing *pro se in forma pauperis* must provide in the [complaint's] caption the name and full residence address or official address of each party." D.C. LCvR 5.1(c)(1).

which "cause[] emotional trauma, physical pain, manufactured body movements, thoughts, and verbalizations," *id*. Plaintiff deems these technologies "more s[]o[p]histicated than the technology used by U.S. adversaries to cause and create the symptoms of Havana Syndrome." *Id*. Plaintiff alleges that this purported technology is "an immediate and durable threat to" both his "life and health" and the safety of many others. *Id*. He declares that although "[m]onetary damages cannot be properly identified at this time due to [defendants'] durable pattern of misconduct," "[t]he amount in controversy exceeds $15,000,000." *Id.* at 4.

The court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307-08. The instant Complaint satisfies this standard. In addition to failing to state a claim for relief, the complaint is frivolous on its face.

Consequently, the Complaint and this case are dismissed. Plaintiff's motion for temporary restraining order, ECF No. 3, which raises similarly fantastic and implausible claims, is also denied. A separate order accompanies this memorandum opinion.

Date: January 24, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge